IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THUAN M. PHAM,**

    Petitioner,

v.                                        **Civil Action No. 1:17cv65**
                                            **(Judge Keeley)**

**JENNIFER SAAD, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

On April 24, 2017, the *pro se* Petitioner, an inmate currently incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a disciplinary hearing in which he was sanctioned for use of a cell phone to locate personal information about a BOP employee. ECF No. 1. Pursuant to an Amended Notice of Deficient Pleading, on May 19, 2017, Pham paid the $5.00 filing fee. ECF No. 7.

On May 22, 2017, the Respondent was ordered to show cause why the writ should not be granted. ECF No. 8. On June 19, 2017, the Respondent filed a Motion to Dismiss with a memorandum in support, attaching, in support of said motion, documentation including *inter alia*, a sworn declaration by a Bureau of Prisons ("BOP") paralegal to support his allegation that the Petitioner had failed to exhaust his administrative remedies before filing the petition. ECF No. 11-1. On June 20, 2017, a Roseboro Notice was issued. ECF No. 12. To date, Petitioner has not filed a reply.

### I. Analysis

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996) (federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition); Moscato

v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996) (same); McCallister v. Haynes, 2004 WL 3189469 (N.D. W.Va. 2004) (same). Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D. W.Va. June 12, 2006) (*citing* Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) *cert. denied*, 521 U.S. 1131 (1997)). Indeed, a number of courts have found that the exhaustion requirement may be waived where the administrative process would be futile. See id. at *5-*7.

However, even in cases where the administrative process is unlikely to grant an inmate relief, Courts have enforced a longstanding policy favoring exhaustion. See Alexander v. Hawk, 159 F.3d 1321, 1327-28 (11th Cir. 1998). In particular, it has been noted that the following policies are promoted by requiring the exhaustion of administrative remedies: "(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'" Id. at 1327 (citation omitted).

Finally, where exhaustion is not apparent from an inmate's pleading, "a complaint may be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue." Custis v. Davis, 2017 U.S. App. LEXIS 5147 (4th Cir. 2017)(quoting Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

In this case, Pham clearly has not exhausted his administrative remedies and admits as much in his petition. ECF No. 13 - 14. In addition, his petition offers no reason for not doing so; he does

not argue that doing so would be futile. Instead, he merely notes that exhausting was "N/A."[1] Id. at 13. Moreover, in failing to file a response to the Warden's dispositive motion, Pham has not availed himself of the opportunity to address the issue.

However, in reviewing the Respondent's response and its attachments, it is clear that the Petitioner has now been granted the relief he requested, and there is no further relief which can be granted.

In the petition, Pham contends that while incarcerated at Adams County Correctional Center, he received an incident report on June 25, 2015, for his June 24, 2015 commission of the Prohibited Act Code 108, Possession of a Hazardous Tool. Id. at 5 & 7. He appeared at a July 7, 2015 disciplinary hearing; was found guilty, and sanctioned with the loss of 41 days of good conduct time ("GCT"), 30 days loss of phone, and 30 days D/S time.[2] Id. at 5 – 6. At the conclusion of the hearing, he informed the Disciplinary Hearing Officer ("DHO") J. Steven ("Steven") that he wanted to appeal the decision and sanctions. Id. at 6. He contends that Steven advised him that he would note Petitioner's wishes in the record and request the appeal forms from "Ms. Gavett, Grievance Coordinator." Id. Petitioner contends that he requested the appeal form from Ms. Gavett himself, obtained it, filled it out and submitted it within the 7-day period after his hearing. Id. He contends that he was then transferred "about weeks [sic] after he submitted his appeal." Id. Thereafter, he was transferred several more times before finally arriving at FCI Gilmer, where he was informed that there was nothing in his records regarding his appeal. Id. Accordingly, he filed this petition, arguing that his due process rights had been violated. Id.

The Respondent filed what it styled as a motion to dismiss, attaching the sworn declaration of Sharon Wahl ("Wahl Decl."), a paralegal for the Beckley Consolidated Legal Center at FCI Beckley

---

[1] Pham answered nearly every question on his court-approved § 2241 form petition as "N/A," even his grounds for relief. See ECF No. 1 at 3, 12 – 15.

[2] By "D/S time," Petitioner is referring to Disciplinary Segregation time.

in Beaver, West Virginia [ECF No. 11-1 at 1 – 4]; a copy of Pham's Inmate Discipline Data Chronological Disciplinary Record [id. at 6]; a copy of Pham' Inmate Discipline Incident Report History [id. at 8 - 9]; a copy of Pham's Inmate Discipline Chronological Disciplinary Record [id. at 11]; a copy of Pham's Sentence Monitoring Good Time Data as of June 15, 2017 [id. at 13]; and a copy of Pham's Administrative Remedy Generalized Retrieval Full Screen Format. Id. at 16 – 29. In its memorandum in support, Respondent first notes that Pham's "only substantive allegation is that his administrative appeal was not properly processed." ECF No. 11 at 1. Further, Respondent notes that Pham never administratively exhausted his claim. Finally, Respondent argues that Pham fails to present a cognizable claim. Id. at 1 - 2.

Specifically, and relying on the Wahl Declaration, Respondent reports that on July 13, 2015, Pham was incarcerated at the Adams County Correctional Facility ("ACC") in Mississippi; Wahl Decl., ECF No. 11-1, ¶ 8 at 2. The BOP contracts with Corrections Corporation of America to house certain federal inmates at the ACC. Id., ¶ 7 at 2. On July 13, 2015, while Pham was incarcerated at the ACC, he was sanctioned for allegedly using a cell phone to locate personal information about an ACC employee. Id. at ¶¶ 6-8. He was placed in disciplinary segregation for 30 days, lost phone privileges for 30 days, and lost 41 days of GCT. Id. at ¶ 8. In September 2015, Pham arrived at FCI Gilmer. Id. at ¶ 5. Because Pham was originally sanctioned by a discipline hearing officer at a contract facility, the incident report was remanded and will be reheard by a discipline hearing officer at FCI Gilmer. Id. at ¶ 9. The original discipline has been removed from Pham's record [id. at ¶ 10] and the GCT time was restored to him. Id. at ¶ 10.

Moreover, the Wahl Declaration avers, that while Pham has 28 BOP grievances, [id. at ¶¶ 12-13], he has never filed any administrative grievances related to prison discipline or the specific discipline in this case. Id. at ¶¶ 14-16.

The undersigned agrees with Respondent that Pham both failed to administratively exhausted his claims and that Pham's claim is moot.

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3rd Cir. 1996).

In this case, the gravamen of Petitioner claims is his allegation that the BOP failed to provide him with an appeal of an adverse ruling on a disciplinary hearing. Petitioner clearly has not exhausted his administrative remedies. Exhaustion of administrative remedies would be particularly appropriate here, given that a disciplinary hearing is uniquely within the BOP's province to address. Nonetheless, because Petitioner has already obtained the relief he was seeking, this matter is moot.

## II. Recommendation

For the foregoing reasons, the undersigned recommends that the Respondent's Motion to Dismiss [ECF No. 10] construed herein as a Motion for Summary Judgment, be **GRANTED** and that the petition [ECF No. 1] be **DISMISSED as moot**.

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the

docket. The Clerk is further directed to transmit a copy of this Report and Recommendation electronically to all counsel of record.

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

DATED: January 17, 2018

/s/ *Michael J. Aloi*
MICHAEL J. ALOI
UNITED STATES MAGISTRATE JUDGE