IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THUAN M. PHAM,**

    **Petitioner,**

  **v.**                                                    CIVIL NO. 1:17CV65
                                                           (Judge Keeley)

**JENNIFER SAAD, Warden,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 18], GRANTING RESPONDENT'S MOTION TO DISMISS
[DKT. NO. 10], AND DISMISSING PETITION AS MOOT [DKT. NO. 1]**

On April 24, 2017, the pro se petitioner, Thuan M. Pham ("Pham"), filed the pending Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Dkt. No. 1). As his sole ground for relief, Pham claims that his due process rights were violated during certain disciplinary proceedings because his administrative appeal was not properly processed. Id. at 5-11. Pursuant to 28 U.S.C. § 636(b)(1)(B) and the local rules, the Court referred Pham's Petition to the Honorable Michael J. Aloi, United States Magistrate Judge, for initial review.

On June 19, 2017, the respondent, Warden Jennifer Saad ("Warden"), moved to dismiss the Petition (Dkt. No. 10), arguing that the Court lacks jurisdiction over the Petition because the incident report at issue has been remanded for a new hearing (Dkt. No. 11 at 4). In addition, the Warden contended that Pham had failed to exhaust his administrative remedies. Id. at 7-8.

**PHAM V. SAAD**                                                    **1:17CV65**

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 18], GRANTING RESPONDENT'S MOTION TO DISMISS
[DKT. NO. 10], AND DISMISSING PETITION AS MOOT [DKT. NO. 1]**

In a Report and Recommendation ("R&R") entered on January 17, 2018, Magistrate Judge Aloi recommended that the Court grant the Warden's motion to dismiss (Dkt. No. 18). More particularly, he agreed with the Warden that Pham's Petition is either moot or subject to dismissal for failure to exhaust. Id. at 4. The R&R also informed the parties of their right to file "written objections identifying the portions of the recommendation to which objection is made, and the basis of such objection." It further warned that failure to do so may result in waiver of the right to appeal. Id. at 5. Although Pham received the R&R on January 22, 2018, he has not filed any objections.

When reviewing a magistrate judge's R&R, the Court must review de novo only portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d. 600, 603-04 (N.D.W. Va. 2007)(citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 2005)). Courts will uphold those portions of the recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

**PHAM V. SAAD**                                                    **1:17CV65**

**ORDER ADOPTING REPORT AND RECOMMENDATION
[DKT. NO. 18], GRANTING RESPONDENT'S MOTION TO DISMISS
[DKT. NO. 10], AND DISMISSING PETITION AS MOOT [DKT. NO. 1]**

Because no party has objected, the Court is under no obligation to conduct a de novo review. Dellacirprete, 479 F. Supp. at 603-04. Upon review of the R&R and the record for clear error, the Court:

1) **ADOPTS** the R&R (Dkt. No. 18);

2) **GRANTS** the Warden's Motion to Dismiss (Dkt. No. 10); and

3) **DISMISSES AS MOOT** Pham's Petition (Dkt. No. 1).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se petitioner, certified mail and return receipt requested, to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED: February 12, 2018.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE